Agreement, has sufficiently pled facts concerning "the formation of contracts to buy or sell securities, the placement of purchase orders, the passing of titles, or exchanges of money, within the United States" (Astrals LLC's agreement is governed by the laws of Nevada). *See Acerra v. Trulieve Cannabis Corp.*, No. 20-cv-186, 2021 WL 1269919, at *3 (N.D. Fla. Mar. 18, 2021). Accordingly, the Court denies Defendants' supplement to the Motion to Dismiss.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Defendants' Supplemental Motion to Dismiss is **DENIED** consistent with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this ___16th___ of August 2024.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 23-21912-CIV-MORENO

DANIEL HARPER, *et al.*, on behalf of himself
and all others similarly situated,

      Plaintiffs,

vs.

SHAQUILLE O'NEAL, ASTRALS LLC,
ASTRALS HOLDING, LLC, and ASTRALS
OPERATIONS LLC,

      Defendants.
_____/

## ORDER DENYING DEFENDANTS' SUPPLEMENTAL MOTION TO DISMISS

Defendants, who have since retained new counsel, supplemented the original Motion to Dismiss. In the supplement, Defendants argue that Supreme Court Decision *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247 (2010) requires allegations demonstrating that the transactions in Galaxy tokens were domestic. In determining whether a transaction is domestic, courts apply a "transactional test" that looks to "whether the purchase or sale [of the security] is made in the United States, or involves a security listed on a domestic exchange[.]" *Zalazar v. Cap. Force LLC*, No. 23-21512-CIV, 2023 WL 4186397, at *5 (S.D. Fla. June 26, 2023) (citing *Morrison*, 561 U.S. at 269–70 (alterations added)); *see also Quail Cruises Ship Mgmt. Ltd. v. Agencia de Viagens CVC Tur Limitada*, 645 F.3d 1307, 1310 (11th Cir. 2011) (applying *Morrison*). The Supreme Court has not further defined "what it means for a purchase or sale to occur in the United States." *Acerra v. Trulieve Cannabis Corp.*, No. 20-cv-186, 2021 WL 1269919, at *3 (N.D. Fla. Mar. 18, 2021) (alteration added). The Eleventh Circuit has noted it is sufficient to allege that a transaction was

closed, such that "title to the shares was transferred" domestically, *Quail Cruises*, 645 F.3d at 1310 (footnote call number omitted)). There is no requirement that a plaintiff be physically present in the United States for a transaction to be consummated in the United States, as Section 10(b) is more concerned with the location of the transaction rather than the location of the parties to it. *See Morrison*, 561 U.S. at 268; *see also SEC v. Berbel*, No. 17-23572-Civ, 2018 WL 1135659, at *3 (S.D. Fla. Feb. 27, 2018).

The Court's analysis hinges on the parties' Simple Agreement for Future Tokens. Both parties cite to Second Circuit case *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 69 (2d Cir. 2012). There, the panel stated that "a securities transaction is domestic when the parties incur irrevocable liability to carry out the transaction within the United States or when title is passed within the United States." Defendants argue that Plaintiffs failed to show that the transaction was domestic because the terms within the Agreement include multiple contingencies that had to be satisfied, including delivery of the tokens only if there is a network launch. A network launch, as defined by the Agreement, is a bona fide transaction or series of transactions, pursuant to which [Astrals LLC] will sell the tokens to the general public in a publicized product launch. So, Defendants argue that because Defendant Astrals LLC could have revoked any contingent obligation, it did not incur irrevocable liability. However, Defendants do not specify whether a network launch happened or not. Without that information, the Court is unpersuaded by the argument that Defendant Astrals could have revoked its obligation. The Agreement is signed by both Brian Bayati, Managing Member of Astrals LLC and Defendant Divecha. Further, the top of the Agreement certifies that in exchange for $25,000 dollars, Astrals issued the right to certain units of the Galaxy token. Simply, Defendants were committed to issue or delivery the security. *See United States v. Georgiou*, 777 F.3d 125, 136 (3d Cir. 2015). Plaintiffs, through the