# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No.: 1:23-cv-21912-FAM**

DANIEL HARPER, et al., on behalf of himself
and all others similarly situated,

       Plaintiffs,

v.

SHAQUILLE O'NEAL, et al.

       Defendants.

_____/

## ASTRALS SETTLEMENT AGREEMENT

      This Class-Action Settlement Agreement (the **"Settlement Agreement"**) was entered into as of about November 18, 2024, between and among, on the one hand, Plaintiffs Daniel Harper, Daniel Koch, Micky Scott, Shaun Divecha, Timo Walter, and/or Viraf Sam Chapgar (collectively, **"Plaintiffs"**), on behalf of themselves and all others similarly situated (the **"Settlement Class**," defined in detail below), and, on the other hand, Shaquille O'Neal (**"O'Neal"**), Astrals LLC, Astrals Holding, LLC, and Astrals Operations LLC (collectively, the "Astrals Entities", together with O'Neal, the "**Settling Defendants,**" and, together with Plaintiffs, the "**Settling Parties**").

      **WHEREAS** the Settling Parties wish to settle the above-captioned action to avoid the expense, inconvenience, and uncertainty of continued litigation and, therefore, have entered into this Settlement Agreement and agree to be bound by the terms and conditions as set forth herein:

1

1.    **PROCEDURAL HISTORY OF THE LITIGATION**

Plaintiffs commenced a putative class-action lawsuit entitled *Daniel Harper, et al. v. Shaquille O'Neal, et al.*, Case No.: 1:23-cv-21912-FAM (S.D. Fla.) (the "**Action**"), on or around May 23, 2023, when they filed the original Class Action Complaint and Demand for Jury Trial, which was amended on September 7, 2023 (the "**Amended Complaint**"). The crux of the allegations pleaded is that Settling Defendants personally participated or aided in making the sale of unregistered securities, including the Galaxy ("**GLXY**") tokens and Astrals non-fungible tokens ("**Astrals NFTs**" and collectively, the "**Astrals Financial Products**") created for the Astrals Project and that they are jointly and severally liable for all sums invested by the Settlement Class.

Defendant O'Neal moved to dismiss the Amended Complaint and strike Plaintiffs' proposed expert opinion of Lee Reiners on September 29, 2023 [ECF No. 35], which motion the Astrals Entities later joined [ECF No. 47]. Defendants filed a Supplemental Motion to Dismiss on April 18, 2024. [ECF No. 83].

On August 16, 2024, the United States District Court for the Southern District of Florida, Miami Division (the "**Court**"), granted in part and denied in part Settling Defendants' Motion to Dismiss [ECF No. 91]. First, the "Court denie[d] [Settling] Defendants' Motion to Dismiss Count I as Plaintiffs have properly alleged that Defendant O'Neal is a 'seller' under Section 12." [ECF No. 91 at 4]. In so ruling, the Court held that Plaintiffs "sufficiently alleged that Astrals [NFTs] and Galaxy tokens are 'securities' subject to federal securities laws." *Id.* Second, the Court agreed with Settling Defendants that Plaintiffs' Section 12 claims for purchases of Astrals NFTs on or before May 23, 2022 are time-barred (*id.* at 10-11), but held that "at this stage of the proceeding, . . . the Galaxy token claim is not time barred," as Plaintiffs had alleged GLXY purchases between March 10, 2022

2

and June 15, 2022 (*id.* at 11-13). Finally, the Court dismissed Plaintiffs' Section 15 claims against Defendant O'Neal, holding that he was not a "control person." *Id.* at 4.

On August 16, 2024, the Court granted Settling Defendants' motion to strike Plaintiffs' proposed expert report of Lee Reiners in part, striking "all portions of the report that opine on and analyze whether Astrals are unregistered investment contracts." [ECF No. 92 at 1]. Also on August 16, 2024, the Court denied Settling Defendants' Supplemental Motion to Dismiss, holding that Plaintiffs had "sufficiently pled facts concerning 'the formation of contracts to buy or sell securities, the placement of purchase orders, the passing of titles, or exchanges of money, within the United States.'" [ECF No. 95 at 2-3]. The Court did not rule on the ultimate issue of whether the GLXY transactions were domestic. *Id.* at 1.

On September 12, 2024, Settling Defendants filed their Joint Answer and Affirmative Defenses, asserting various legal defenses to Plaintiffs' claims. [ECF No. 97]. Most notably, Settling Defendants contended that: (i) the Astrals Financial Products are not securities; (ii) Plaintiffs' claims based on purchases of Astrals Financial Products on or before May 23, 2022 are time-barred; (iii) the federal securities laws do not apply to extraterritorial transactions in Astrals Financial Products; and (iv) some Plaintiffs' and putative class members' claims are barred by the *in pari delicto* doctrine, as those persons may also be "sellers" of the Astrals Financial Products.

## 2.   SETTLEMENT NEGOTIATIONS

On February 27, 2024, following the submission of mediation materials, Plaintiffs and Settling Defendants participated in a Zoom mediation with the Honorable Howard Tescher, a retired Circuit Judge for Florida's 17th Judicial Circuit. The Settling Parties engaged in a vigorous exchange of views but were ultimately unable to settle.

On October 7, 2024, the Court issued an Order scheduling mediation proceedings for October 22, 2024 to facilitate the parties' *bona fide* settlement efforts. [ECF No. 101]. The parties scheduled a second mediation with Judge Tescher, which took place on October 22, 2024. While the parties did not immediately settle that day, settlement discussions were very constructive, and the parties continued to negotiate the terms of the settlement with the assistance of Judge Tescher between October 22, 2024 and October 29, 2024. On November 7, 2024, the parties agreed to the principal terms of the settlement, which is more fully described herein (the "**Settlement**").

3.  **PLAINTIFFS' ASSESSMENT OF THE CLAIMS AND BENEFITS OF SETTLEMENT**

While Plaintiffs believe their claims have merit and have partially survived the motion to dismiss stage, including that Plaintiffs sufficiently alleged that the Astrals Financial Products were unregistered securities and that Settling Defendants were statutory sellers of those unregistered securities, Plaintiffs recognize the expense and length of continued proceedings necessary to prosecute the Action through trial and appeals. Notwithstanding Plaintiffs' belief that the Astrals NFTs and GLXY tokens can be classified as securities under Section 2(a)(1) of the Securities Act, Plaintiffs are mindful of Settling Defendants' possible defenses and the chance the Plaintiffs could recover nothing or that recoverable damages could be limited should the case proceed. Plaintiffs are also mindful of the fact that the Astrals Project is no longer an ongoing concern, and continued litigation could have caused the Astrals Entities to declare bankruptcy, further limiting the ability of Plaintiffs and the class to recover. Indeed, on October 30, 2024, Astrals announced on their Discord that "the financial strain has become substantial. Legal fees have exceeded our initial expectations, and the case has stretched on longer than anticipated," such that "bankruptcy

now appears inevitable. As a result, we will need to remove tokens from the liquidity pool provided by a third party. This has not been an easy decision, and it has placed a significant strain on all of our lives." Based upon a thorough evaluation, Plaintiffs believe that the settlement set forth herein is fair, adequate, reasonable, and in the best interests of the Settlement Class and that it confers substantial benefits upon the Settlement Class, particularly as it represents a *full* recovery of Settlement Class Members' rescissory damages, which is a difficult result to achieve even through fully litigating the claims on their merits and prevailing on them through trial, subsequent appeals, and involuntary collection efforts.

## 4.   SETTLING DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Settling Defendants have denied, and continue to deny, *inter alia*, that they engaged in any wrongdoing of any kind, including, without limitation, that they committed any act or omission giving rise to any liability or violation of the law. Specifically, Settling Defendants have denied and continue to deny the allegations that they offered or sold unregistered securities. Settling Defendants assert that the Astrals NFTs are collectible avatars intended for use in video games and that the GLXY tokens are governance tokens allowing participants in the Astrals project to vote on potential changes to the project. Settling Defendants maintain that neither the Astrals NFTs nor the GLXY tokens are securities under Section 2(a)(1) of the Securities Act. Settling Defendants also have denied, and continue to deny, each and all of the claims and contentions alleged in this Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions that were or could have been alleged in this Action. Settling Defendants have denied, and continue to deny, that they violated or breached any law, regulation, or duty owed to Plaintiffs, the Settlement Class, or anyone else, and that Plaintiffs, the Settlement Class, or anyone else suffered any damages or were harmed by the conduct alleged in the

Action. Settling Defendants have asserted, and continue to assert, that their conduct was at all times proper and in compliance with all applicable provisions of law and that the claims asserted against them are without merit. In addition, Settling Defendants maintain that they have meritorious defenses to all of the claims alleged in the Action.

As set forth below, the terms of this Settlement Agreement shall not be construed as, deemed to be evidence of, or constitute an admission or finding of, any violation, fault, liability, claim, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Settling Defendants have or could have asserted in this Action. Settling Defendants are entering into this Settlement Agreement solely to eliminate the burden and expense of further litigation. Settling Defendants have concluded that it is desirable and beneficial that the Action be terminated in the manner and upon the terms and conditions set forth in this Settlement Agreement.

**5.   MUTUAL COVENANTS AND CONDITIONALITY**

For and in consideration of the mutual covenants set forth in this Settlement Agreement, the receipt and sufficiency of which are hereby acknowledged, the Settling Parties stipulate to the terms set forth in this Settlement Agreement.

The Settlement Agreement is expressly contingent upon the satisfaction, in full of the material conditions set forth below.

**6.   SUBMISSION AND APPLICATION TO THE COURT**

Plaintiffs shall file with the Court a motion ("**Preliminary Approval Motion**") seeking the entry of an order granting preliminary approval of this Settlement Agreement (**"Preliminary Approval Order"**) in a form substantially similar to Preliminary Approval Motion, Exhibit B, which shall:

a.  Preliminarily approve the Settlement Agreement as within the range of what is reasonable and as likely to be approved after a final approval hearing (the "**Final Approval Hearing**");

b.  Certify the Settlement Class solely for the purposes of effectuating the Settlement Agreement;

c.  Approve the form of a Notice of Proposed Settlement of Class Action and Final Approval Hearing (the "**Class Notice**," Preliminary Approval Motion, Exhibit D);

d.  Provide that the distribution of the Class Notice substantially in the manner set forth in the Settlement Agreement and the Preliminary Approval Motion constitutes the best notice practicable under the circumstances, meets the requirements of applicable law and due process, is due and sufficient notice of all matters relating to the Settlement Agreement, and fully satisfies the requirements of Fed. R. Civ. P. 23 and the Private Securities Litigation Reform Act of 1995 (the "**PSLRA**") as applicable;

e.  Request a stay of the Action, including but not limited to staying the taking of any deposition, until either (i) the Action is closed or (ii) this Agreement is terminated pursuant to Section 18; and

f.  Direct that a Final Approval Hearing be held to determine whether the Court should:

    i.  enter an Order and Final Judgment granting final approval of the Settlement Agreement pursuant to Fed. R. Civ. P. 23 as fair, reasonable, adequate, and in the best interests of the Settlement Class;

ii.   enter an order awarding counsel for Plaintiffs and the Settlement Class ("**Class Counsel**," as further herein defined) their reasonable attorneys' fees and costs; and

iii.  hear all such other matters as the Court may deem necessary and appropriate.

## 7.   CLASS NOTICE

Class Counsel has prepared the Class Notice, in the form attached to the Preliminary Approval Motion as Exhibit D, that will contain a description of the Settlement and afford affected parties the opportunity to obtain copies of all the Settlement-related papers. The Class Notice shall be the legal notice to be provided to the Settlement Class Members and shall otherwise comply with Federal Rule of Civil Procedure 23, the PSLRA (as applicable), and any other applicable statutes, laws, and rules, including, but not limited to, the Due Process Clause of the United States Constitution.

a.   The Class Notice shall advise the potential Settlement Class Members of the following:

i.   <u>General Terms</u>. The Class Notice shall contain a plain, neutral, objective, and concise summary description of the nature of the Action and the terms of the proposed Settlement, including all relief that will be provided by Settling Defendants to the Settlement Class in the Settlement, as set forth in this Settlement Agreement and as required by Fed. R. Civ. P. 23 and the PSLRA (as applicable). This description shall also disclose, among other things, that (a) any relief to Settlement Class Members offered by the Settlement is contingent upon the Court's approval of the Settlement, which will not become effective

until the Effective Date; (b) Class Counsel and Plaintiffs have reserved the right to petition the Court for an award of Class Counsel Fees and Costs and Plaintiffs General Release Payments from the Settlement funds; and (c) the Settlement is not contingent upon an award of any particular amount of Class Counsel Fees and Costs and/or Plaintiffs General Release Payments by the Court.

ii.   The Notice Date. The date the Class Notice is published pursuant to this Agreement shall be deemed the "**Notice Date**."

iii.   The Settlement Class. The Class Notice shall define the Settlement Class and shall disclose that the Settlement Class has been provisionally certified for purposes of settlement only.

iv.   Opt-Out Rights. The Class Notice shall inform the Settlement Class Members of their right to seek exclusion from the Settlement Class and the Settlement and shall provide the deadlines and procedures for exercising this right.

v.   Objection to Settlement. The Class Notice shall inform Settlement Class Members of their right to object to the proposed Settlement and to appear at the Final Approval Hearing and shall provide the deadlines and procedures for exercising these rights.

vi.   Final Approval Hearing. The Class Notice shall disclose the date and time of the Final Approval Hearing and explain that the Final Approval Hearing may be rescheduled without further notice to the

Settlement Class and may be held in person or by videoconference or telephonic conference, as the Court shall determine.

vii.   <u>Release</u>. The Class Notice shall summarize or recite the proposed terms of the Release contemplated by this Agreement.

viii.   <u>Further Information</u>. The Class Notice shall disclose where Settlement Class Members may direct written or oral inquiries regarding the Settlement and where they may obtain additional information about the Action, including instructions on how to access the case docket using PACER or in person at any of the Court's locations.

ix.   <u>Claims Period</u>. The Class Notice will inform Settlement Class Members that, if they wish to share in the Settlement benefits, they must submit requests for payment ("**Claims**") electronically to the Claims Administrator within ninety (90) days after the Notice Date (the "**Claims Period**"). Any Claims that are not electronically submitted within ninety (90) days after the Notice Date will be invalid due to untimeliness.

b.   **Publication of Notice**. The Claims Administrator shall publish the Class Notice no later than thirty (30) days after entry of the Preliminary Approval Order on the dedicated website created and maintained for this Action ("**Settlement Website**"), which is the most practicable method of reaching the largest number of current Astrals NFT and GLXY holders.

i.   <u>Internet Notice</u>. Plaintiffs also shall cause the Claims Administrator to make advertisements on the internet to alert Settlement Class

Members to the Settlement Website. The advertisements shall be in a form recommended by the Claims Administrator and mutually acceptable to the Settling Parties.

ii.   <u>Email Notice</u>. While internet notice is the most practicable method for reaching current Astrals NFT and GLXY holders, Settling Defendants shall email the Class Notice to potential Settlement Class Members if Settling Defendants possess those potential Settlement Class Members' email addresses.

c.   **Settlement Website**. The Claims Administrator will establish the Settlement Website, whose address shall be included and disclosed in the Class Notice, and which will inform potential Settlement Class Members of the terms of this Settlement Agreement, including dates, deadlines, and related information.

d.   **Notice to Appropriate Federal and State Officials**. Pursuant to the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715 ("**CAFA**"), within ten (10) days after this Agreement is deemed filed with the Court, Settling Defendants will provide notice of this Action and this Settlement Agreement to the appropriate federal and state entities.

e.   **Costs of Administration and Class Notice**. The "**Costs of Administration and Class Notice**" are defined as all costs, expenses, fees, and payments paid to the Claims Administrator or in connection with the Class Notice and the CAFA notice. As set forth in Section 10.e, the Costs of Administration and

Class Notice are to be paid from the Costs and Fees Payment (as defined herein).

## 8.   ORDER AND FINAL JUDGMENT:

If the Court grants preliminary approval of the Settlement Agreement, Plaintiffs shall request that the Court enter an Order and Final Judgment ("**Final Approval Order**") following the Final Approval Hearing, in forms substantially similar to Preliminary Approval Motion Exhibits E and F. The Settling Parties agree that the Final Approval Order and Final Judgment shall:

a.   approve the Settlement Agreement, adjudge the terms thereof to be fair, reasonable, adequate, and in the best interests of the Settlement Class, and direct consummation of the Settlement Agreement in accordance with its terms and conditions;

b.   determine that the requirements of Fed. Civ. P. 23, the PSLRA, and due process have been satisfied in connection with the certification of the Settlement Class, the provision of the Class Notice, and the terms of the Settlement;

c.   approve the dismissal with prejudice of all claims pleaded against Settling Defendants in the Complaint;

d.   approve the release of Settling Defendants and the other Released Parties;

e.   include a settlement bar order and a permanent injunction;

f.   award Class Counsel their reasonable attorneys' fees and costs; and

g.   reserve continuing and exclusive jurisdiction to supervise the administration of the Settlement Agreement.

**9.**   **EFFECTIVE DATE:**

The Settlement Agreement shall be deemed effective (the "**Effective Date**") upon both:

a.   the entry of the Final Approval Order and Final Judgment approving the Settlement Agreement; and

b.   either:

   i.   the expiration of any applicable appeal period for the appeal of the Final Approval Order and Final Judgment without an appeal's having been filed; or (if an appeal is taken)

   ii.   the entry of an order affirming the Final Approval Order and Final Judgment and the expiration of any applicable period for the reconsideration, rehearing, or appeal of such order without the filing of any motion for reconsideration or rehearing or further appeal; <u>or</u> (if a motion for reconsideration or rehearing or further appeal is filed)

   iii.   the entry of subsequent order affirming the Final Approval Order and Final Judgment.

**10.**   **SETTLEMENT CONSIDERATION**

a.   Settling Defendants shall be responsible for funding the total sum of up to and no more than $11,000,000.00 (eleven million dollars) (the "**Settlement Cap**") to fully settle this Action on a "claims made" basis.

b.   The Claims Administrator will be responsible for paying all Claims made by Settlement Class Members that it has reviewed and approved based upon the terms agreed to by the Settling Parties.

c.      Settling Defendants will make a first payment in satisfaction of Claims received, reviewed, and confirmed as valid by the Settlement Administrator within 30 days after the Effective Date; *provided* that any disputes relating to the Claims Administrator's determinations shall have been resolved before Settling Defendants are required to make a payment as to those Claims. Settling Defendants will make additional payments every 30 days thereafter for additional Claims received, reviewed, and confirmed as valid after resolution of any disputes about the Claims Administrator's determinations, unless and until the Settlement Cap has been fully paid. Notwithstanding anything in this section 10.c, however, the Claims Administrator will not pay valid and confirmed Claims every 30 days unless it has determined that total timely Claims will not need to be prorated in light of the Settlement Cap and the Costs and Fees Payment (*i.e.*, unless it has determined that total timely Claims will not exceed $8,000,000 (eight million dollars)). If the Claims Administrator determines that total timely Claims might exceed $8,000,000 and that proration might be necessary, it will not pay any Claims until all submitted Claims have been received, reviewed, and confirmed and until any necessary proration has been calculated.

d.      If and only if the Settlement Cap has not been reached or exceeded after either all approved Claims have been paid and the Costs and Fees Payment has been made or the expiration of the Claims Period, Settling Defendants will be responsible for paying up to $50,000.00 (fifty thousand dollars), as a *cy pres* award, to the <u>Americans for Financial Reform</u>, a nonprofit coalition focused

on ensuring a fair financial system for all consumers (the "***Cy Pres Payment***").

e.  In no event will the Defendants be responsible to pay any amounts in excess of the Settlement Cap of $11,000.000.00. For the avoidance of doubt, the Settlement Cap sets forth the maximum payment amount, under any circumstances, that Settling Defendants might pay pursuant to this Settlement. The Settlement Cap includes, but is not limited to, all approved Claims from Settlement Class Members, the *Cy Pres* Payment, and all Costs and Fees Payments specified in Section 16 (including all Class Counsel Fees and Costs, Costs of Administration and Class Notice, and Plaintiffs General Release Payments). Any other general release payments awarded to Plaintiffs or the Settlement Class by the Court shall also be limited by the Settlement Cap.

f.  If the value of Claims made and approved by the Claims Administrator after resolution of any disputes is less than $8,000,000.00 (eight million dollars), Settling Defendants will be responsible for only the amounts of such made and approved Claims.  All funds in excess of those amounts shall not be paid or, if they have been paid for any reason, shall be returned to Settling Defendants.

## 11.  THE SETTLEMENT CLASS DEFINITION AND OTHER DEFINITIONS

"**Astrals' Counsel**" means Christopher E. Knight of Fowler White Burnett, P.A.

"**Claims Administrator**" shall be Strategic Claims Services.

"**Class Counsel**" means, collectively, all counsel of record for the Plaintiffs in the Action, including, Lead Class Counsel.

"**Lead Class Counsel**" means Adam Moskowitz of The Moskowitz Law Firm, PLLC.

"**O'Neal's Counsel**" means Rachel Wolkinson and Stephen Best of Brown Rudnick LLP.

"**Person**" means a natural person or a corporation, partnership, association, company, or any other legally recognized entity.

"**Plaintiffs**" means Daniel Harper, Daniel Koch, Micky Scott, Shaun Divecha, Timo Walter, and/or Viraf Sam Chapgar.

"**Settlement Class**" means:

> All persons or entities (i) who, from May 24, 2022 to the date of preliminary approval, purchased Astrals NFTS and/or (ii) who, before the date of preliminary approval, purchased GLXY Tokens.
>
> Excluded from the Settlement Class are (i) Settling Defendants and their officers, directors, affiliates, legal representatives, and employees, (ii) any governmental entities, any judge, justice, or judicial officer presiding over this matter, and the members of their immediate families and judicial staff, and (iii) any Person who would otherwise be a Settlement Class Member but who validly requested exclusion pursuant to the "Opt-Out" provisions below.

"**Settlement Class Member**" means a Person who falls within the definition of the Settlement Class as set forth in this section.

"**Settling Defendants' Counsel**" means O'Neal's Counsel and Astrals' Counsel, collectively.

## 12. ADMINISTRATION OF SETTLEMENT FUNDS

a.   Escrow Account

16

i.       Within ten (10) business days before the first payment of money required under this Settlement Agreement, the Settling Parties' counsel shall establish or cause to be established the Escrow Account.

ii.      From its inception until the Effective Date, the Escrow Account shall be under the joint control of Lead Class Counsel and Settling Defendants' Counsel.

iii.    As of the Effective Date, the Escrow Account shall be under the sole control of Lead Class Counsel.

iv.    The Escrow Agent shall be Strategic Claims Services.

v.      The Escrow Agent shall (*i*) administer the Escrow Account, (*ii*) invest all deposited funds in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, and (*iii*) reinvest the proceeds of those instruments as they mature in similar instruments at their then-current market rates. The Escrow Agent shall bear all risks related to the investment of the amounts in the Escrow Account made in accordance with the guidelines set forth in this Section.

vi.    The Escrow Agent shall disburse proceeds of the Escrow Account in accordance with the terms of the Settlement Agreement and the orders of the Court.

vii.   The Escrow Agent shall disburse the proceeds of the Escrow Account only (i) before the Effective Date, by an order of the Court or upon the written instruction of both Lead Class Counsel and Settling

17

Defendants' Counsel and (ii) as of and after the Effective Date, upon the written instruction of Lead Class Counsel; provided, however, that, before the Effective Date, the Escrow Agent may disburse up to $125,000 (one hundred twenty-five thousand dollars) at the direction of Lead Class Counsel from the Costs and Fees Payment to pay for notice to potential Settlement Class Members and related administrative costs without first consulting with or obtaining written instruction from Settling Defendants' Counsel.

viii.   If the Settlement Agreement is terminated as provided in this Settlement Agreement, the Escrow Agent shall, within ten (10) business days following receipt of written notice of such termination from Settling Defendants' Counsel, return all monies then held in the Escrow Account (including any interest that has accrued) to Settling Defendants or as instructed by Settling Defendants' Counsel.

ix.   The Escrow Account and the funds it contains shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the Court's jurisdiction until such time as they shall be distributed pursuant to this Settlement Agreement and/or further order(s) of the Court.

b.   Qualified Settlement Fund

i.   All necessary steps to enable the Escrow Account to be treated as a Qualified Settlement Fund for tax purposes shall be taken, including the timely filing by the Claims Administrator of all elections and

statements required for tax purposes pursuant to Treas. Reg. §§ 1.468B-0 through 1.468B-5, or any other relevant statutes, regulations, or published rulings now or hereafter enacted or promulgated, for all taxable years of the Escrow Account, beginning with the date of its establishment. The Claims Administrator shall be the "administrator" of the Qualified Settlement Fund for tax purposes under Treas. Reg. §§ 1.460B-0 through 1.468B-5, shall file or cause to be filed on a timely basis any required federal, state, and local tax returns, and shall cause any taxes due on the income of the Qualified Settlement Fund and any other Tax Expenses to be paid from the Escrow Account. The Settling Parties agree that the Escrow Account shall be treated as a Qualified Settlement Fund, as provided in Treas. Reg. §§ 1.468B-0 through 1.468B-5, from the earliest date possible, and hereby agree to any relation-back election required to treat the Escrow Account as a Qualified Settlement Fund from the earliest date possible. In no event shall Settling Defendants have any responsibility whatsoever for filing elections, other required statements, or tax returns, or for paying the costs associated therewith, any taxes due, or the expenses of notice or administration of the Escrow Account. Lead Class Counsel and Settling Defendants' Counsel shall cooperate to the extent necessary to comply with this Section III. Upon request by Lead Class Counsel, Settling Defendants shall promptly provide the statement described in Treasury Regulation § 1.468B-3(e).

ii.    Upon request by Settling Defendants' Counsel, the Claims Administrator shall promptly provide to Settling Defendants' Counsel all information requested in connection with (*i*) any tax returns that Settling Defendants or any other Released Party must file or (*ii*) any other report or filing that Settling Defendants or any other Released Party must make concerning the Settlement amount or any portion of it.

## 13.  DISTRIBUTION OF THE SETTLEMENT FUND

a.    If the Final Approval Order is issued, the Settlement funds shall be distributed pursuant to such Plan of Allocation as the Court approves.

b.    No person or entity shall have any Claim against Plaintiffs, Class Counsel, the Claims Administrator, the Escrow Agent, or any of their agents, or against Settling Defendants or any other Released Party (including Settling Defendants' Counsel), relating to or arising out of any distributions or lack thereof made under any Court-approved Plan of Allocation, this Settlement Agreement, or orders of the Court.

c.    The Settling Parties understand and agree that, notwithstanding any other provision of this Settlement Agreement, a court-ordered or court-approved change to the Plan of Allocation shall not operate to modify, terminate, or cancel this Settlement Agreement or affect the finality of the Final Approval Order and the Judgment or any other orders entered by the Court giving effect or pursuant to this Settlement Agreement.

d.    Development of the Plan of Allocation shall be exclusively the responsibility of Plaintiffs and Lead Class Counsel.

e.      Settling Defendants, the other Released Parties, and their respective counsel, including Settling Defendants' Counsel, shall have no role in, responsibility for, or liability as to or in connection with, and shall take no position on, (*i*) the Plan of Allocation, (*ii*) the form, substance, method, or manner of allocation, administration, or distribution of settlement funds. (*iii*) any tax liability that a Settlement Class Member might incur as a result of this Settlement Agreement, or (*iv*) the result of any action taken pursuant to this Settlement Agreement, the administration or processing of claims (including determinations as to the validity of Claims), the amounts of claims or distribution of Settlement funds, or (except as set out above) the maintenance of the Escrow Account as a Qualified Settlement Fund.

f.      Class Counsel, or their authorized agents, together with the Claims Administrator, shall together administer and calculate the amounts payable to all members of the Settlement Class after the Effective Date.

g.      Claimants will be required, when submitting Claims through the claims portal, to provide proof of identity, including name, address, phone number, email address, and a copy of a national ID, such as a passport or driver's license.

h.      Claimants will be required, when submitting Claims through the claims portal, to provide details for each purchase of Astrals NFT or GLXY Token on or before the Date of Preliminary Approval. For each such purchase, claimants must provide (1) the date of purchase; (2) for Astrals NFTs, the identifying number for the Astrals NFT; (3) the amount and currency used to

purchase the NFT or GLXY Token; (4) the transaction hash of the purchasing transaction; (5) the public wallet address used to purchase the Astrals NFT or GLXY Token; (6) the public wallet address that currently holds the Astrals NFT or GLXY Token, if this address differs from the purchasing address; (7) the amount of GLXY Tokens purchased; and (8) a copy of the SAFT Agreement pursuant to which the GLXY Tokens were purchased, if applicable. The information must be submitted under penalty of perjury under 28 U.S.C. § 1746.

i.  Each qualifying purchase that is approved by the Claims Administrator will receive a payment of up to 100% of its purchase price, dollarized as of the date of the relevant purchase, or a *pro rata* percentage thereof to the extent the approved Claims exceed the amount of the Settlement Cap.

j.  Claimants will be required to sign a transaction with their Solana wallet holding Astrals NFT and/or GLXY Token to prove ownership of the assets in question.

k.  Settlement Class Members and Settling Defendants will have the right to object to the Claims Administrator's decision to pay or reject a claim. The Claims Administrator shall advise the Settlement Class Member and Settling Defendants in writing about its determination of each claim. If the Settlement Class Member or Settling Defendants wish to object to that determination, they must, within twenty (20) days after receiving notice of the determination, submit to the Claims Administrator a notice and statement of reasons

explaining their grounds for contesting the determination, along with any supporting documentation.

l.    If a dispute concerning a claim cannot otherwise be resolved with the Claims Administrator, the Settlement Class Member or Settling Defendants, as applicable, shall present the dispute to the Court within thirty (30) days after the Claims Administrator's final decision approving or denying a Claim. The appealing party's submission to the Court may not exceed ten (10) pages. The non-appealing party may submit a ten (10)-page opposition brief within fourteen (14) days after the filing of the appeal. The appealing party may then submit a five (5)-page reply brief within seven (7) days after the filing of the opposition.

## 14.  PROCEDURES FOR OBJECTING TO THE SETTLEMENT

Besides all federal and state CAFA officials, only Settlement Class Members may object to the settlement. All objections must be filed and served so that they are **received** no later than forty-five (45) days from the Notice Date (the "**Objection/Exclusion Deadline**") by the Clerk of the United States District Court for the Southern District of Florida, Miami Division, 400 North Miami Avenue, 8th Floor, Miami, FL 33128, **and** by:

**<u>Lead Class Counsel</u>**:

Adam M. Moskowitz
Joseph M. Kaye
**THE MOSKOWITZ LAW FIRM, PLLC**
3250 Mary Street, Suite 202
Miami, FL 33133
<u>adam@moskowitz-law.com</u>
<u>joseph@moskowitz-law.com</u>
<u>service@moskowitz-law.com</u>

**O'Neal's Counsel**

Rachel O. Wolkinson
Stephen A. Best
**BROWN RUDNICK LLP**
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
rwolkinson@brownrudnick.com
sbest@brownrudnick.com

**Astrals' Counsel**

Christopher E. Knight
**FOWLER WHITE BURNETT, P.A.**
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
cknight@fowler-white.com

All objections must also be emailed to adam@moskowitz-law.com, joseph@moskowitz-law.com, service@moskowitz-law.com, rwolkinson@brownrudnick.com, sbest@brownrudnick.com, and cknight@fowler-white.com.

    a.    To be considered by the Court, any Settlement Class Member's objection **must include all of the following**:

    i.    be in writing;

    ii.    include the objector's full name, current address, current telephone number, email address, and signature;

    iii.    include documentation or attestation sufficient to establish membership in the Settlement Class;

    iv.    be signed by the person filing the objection, or that person's attorney;

    v.    state, in detail, the factual and legal grounds for the objection;

vi.     state any other objections filed by the objector in the last seven years (case name, name of court, and result of objection);

vii.    attach any documents the Court should review in considering the objection and ruling on the Final Approval Motion;

viii.   provide available dates for Lead Class Counsel to take the objecting Settlement Class Member's deposition; and

ix.     include a request to appear at the Final Approval Hearing, if the objector intends to appear at the Final Approval Hearing.

b.  Any objection that does not meet all of these requirements will be **deemed invalid and will be overruled.**

c.  Subject to approval of the Court, any objecting Settlement Class Member who has submitted a written objection in accordance with Section 14.a – and only those Settlement Class Members – may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, or to object to any petitions for attorneys' fees, reimbursement of reasonable litigation costs and expenses, and/or General Release Payments. The objecting Settlement Class Member or such person's counsel must file with the Clerk of the Court and serve upon Lead Class Counsel and Settling Defendants' Counsel (at the addresses listed above), a notice of intention to appear at the Final Approval Hearing ("**Notice of Intention to Appear**") that is **received** on or before the Objection/Exclusion Deadline.

d.      The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing. Any Settlement Class Member or counsel who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in the Class Notice will not be allowed to speak or otherwise present any views at the Final Approval Hearing.

e.      The date on which counsel for the Settling Parties receive an objection and/or notice of intention shall be the exclusive means used to determine whether such objection and/or notice of intention to appear has been timely filed and served.

f.      Response to Objections: Any responses and objections submitted by Settlement Class Members must be filed at least ten (10) business days (or such other number of days as the Court shall specify) before the Final Approval Hearing.

## 15.   PROCEDURES FOR REQUESTING EXCLUSION FROM SETTLEMENT

Any person or entity that falls within the definition of the Settlement Class and does not wish to participate in the Settlement Agreement (i.e., receive a *pro rata* share of the Settlement Consideration and be bound by the dismissals and release set forth herein) must request exclusion from the Settlement Class – i.e., "Opt Out."

a.      Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written "request for exclusion" to the Claims Administrator at the address provided in the Class Notice. The request for

exclusion must be **received** by no later than the Objection/Exclusion Deadline.

b.      A written request for exclusion must include: (a) a caption or title that identifies it as "Request for Exclusion in *Astrals* Settlement"; (b) the Settlement Class Member's name, mailing and email addresses, and contact telephone number; (c) the transaction hash of the purchasing transaction; (d) the public wallet address used to purchase the Astrals NFT or GLXY Token; (e) the public wallet address that currently holds the Astral NFT or GLXY Token, if this address differs from the purchasing address; (f) a statement that the Settling Class Member wants to be "excluded from the Settlement Class"; and (g) the personal signature of the Settlement Class Member. The requirements for submitting a timely and valid request for exclusion shall be set forth in the Class Notice.

c.      Each Settlement Class Member who wishes to be excluded from the Settlement Class must submit his or her own personally signed written request for exclusion.

d.      Unless excluded by separate Order entered by the Court for good cause shown before the final approval of this Settlement, any Settlement Class Member who fails to strictly comply with the procedures set forth in this Section for the submission of written requests for exclusion will be deemed to have consented to the jurisdiction of the Court, will be deemed to be part of the Settlement Class, and will be bound by all subsequent proceedings, orders, and judgments in the Action, including, but not limited to, the Release, even

if he or she has litigation, arbitration, or other proceedings pending, or subsequently initiates any such proceedings, against Settling Defendants relating to the Released Claims.

e.    The Claims Administrator shall file with the Court, no later than ten (10) days before the Final Approval Hearing, a list reflecting all requests for exclusion it has received.

f.    Settlement Class Members who exclude themselves from the Settlement Class as set forth in this Section expressly waive any right to object to the Settlement as set forth in this Section, or to otherwise pursue any objection, challenge, appeal, dispute, or collateral attack to this Agreement or the Settlement, including: to the Settlement's fairness, reasonableness, and adequacy; to the appointment of Lead Class Counsel and Plaintiffs as the representatives of the Settlement Class; to any award of Class Counsel Fees and Costs or General Release Payments; and to the approval of the Class Notice and the procedures for disseminating the Class Notice to the Settlement Class.

g.    Without limiting any other rights under this Settlement Agreement, Settling Defendants may unilaterally withdraw from and terminate this Settlement Agreement if requests for exclusion are received from potential Settlement Class Members in an amount that equals or exceeds the Termination Threshold as set out in a confidential Supplemental Agreement Concerning Termination Threshold among the Settling Parties (**"Supplemental**

**Agreement**"). Settling Defendants must exercise any such right by no later than ten (10) calendar days before the Final Approval Hearing.

16. **ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE GENERAL RELEASE PAYMENTS**

a.   Within 21 days after Plaintiffs file the Preliminary Approval Motion, Settling Defendants will transfer to Lead Class Counsel $3,000,000 (three million dollars) (the "**Costs and Fees Payment**"). The Costs and Fees Payment shall be used to pay for:

i.   <u>Class Counsel Fees and Costs</u>. The Settling Parties agree that Class Counsel will petition the Court, which will decide whether Class Counsel is entitled to be reimbursed for any attorneys' fees and costs ("**Class Counsel Fees and Costs**"), as well as the specific amounts. Class Counsel will seek Class Counsel Fees and Costs in an aggregate amount not to exceed $2,910,000 (two million, nine hundred and ten thousand dollars). Class Counsel Fees and Costs shall be paid out of the Costs and Fees Payment;

ii.   <u>Costs of Administration and Class Notice</u>. The Settling Parties agree that Class Counsel will be responsible for paying all Costs of Administration and Class Notice, which shall be paid out of the Costs and Fees Payment;

iii.   <u>Plaintiffs General Release Payments</u>. Settling Defendants have agreed to pay Plaintiffs' general release payments, if awarded by the Court, for their individual claims in the amount of $15,000 each ("**Plaintiffs General Release Payments**"). In addition to the release set forth in

Section 17, Plaintiffs hereby release Settling Defendants from potential Nevada state-law claims, including, for example, for unjust enrichment related to the conduct alleged in this Action, which the Plaintiffs would have asserted against Settling Defendants if not for the Settlement. The Plaintiffs General Release Payments, if approved by the Court, shall be paid out of the Costs and Fees Payment and shall be subject to the Settlement Cap. The Plaintiffs General Release Payments, if approved by the Court, shall be paid thirty (30) days after the later of (a) the Effective Date or (b) the date upon which the Plaintiff seeking payment (or his counsel) delivers to Settling Defendants a properly completed W-9 form.  The award of any Plaintiffs General Release Payments is not a necessary term of this Settlement Agreement, and the Settlement (if approved by the Court) shall take effect regardless of whether the Court awards the requested Plaintiffs General Release Payments. Any objection to or appeal from such award will not affect the finality of the Settlement or the Final Approval Order or Judgment. Neither Plaintiffs nor Class Counsel may cancel or terminate the Settlement based on the Court's or any appellate court's ruling as to the Plaintiffs General Release Payments.

b.     Under no circumstances shall the Costs and Fees Payment exceed $3,000,000 (three million dollars). Settling Defendants shall not be responsible for any Class Counsel Fees and Costs, Costs of Administration and Class Notice, and

Plaintiffs General Release Payments that collectively exceed $3,000,000 (three million dollars).

c.  Should the Court not grant final approval to the Settlement, or the Settlement be otherwise terminated or not take effect, all sums paid by Settling Defendants will be returned by Class Counsel to Settling Defendants, within fourteen (14) days after said termination, denial of final approval, or ineffectiveness.

d.  Class Counsel shall file their motion for a Class Counsel Fees and Costs award, as well as for the General Release Payments, no later than fourteen (14) days before the Objection/Exclusion Deadline. As soon as is practicable after filing, Class Counsel shall cause the Claims Administrator to post on the Settlement Website all papers filed and served in support of Class Counsel's motion for an award of Class Counsel Fees and Costs, as well as for an award of General Release Payments. Settling Defendants reserve the right to oppose any petition by Class Counsel for Class Counsel Fees and Costs that Settling Defendants deem to be unreasonable in nature or amount or otherwise objectionable.

e.  Lead Class Counsel is solely responsible for distributing any Class Counsel Fees and Costs to and among all attorneys that may claim entitlement to attorneys' fees or costs in the Action.

f.  If the Final Order and Judgment is not entered, or if this Agreement and the Settlement do not reach the Effective Date, Settling Defendants will be entitled to a full reimbursement of any and all of the Costs and Fees Payment

that were provided in this matter, and shall be under no obligation to pay, any other Costs and Fees Payment. If the Court only partially approves the Costs and Fees Payment, Settling Defendants are entitled to reimbursement of the portion of the Costs and Fees Payment that was not approved.

## 17. RELEASE IN FAVOR OF SETTLING DEFENDANTS

a.   Save and except only those obligations expressly owed by Settling Parties, the Settlement Class, and their counsel under this Settlement Agreement, Plaintiffs and the Settlement Class, including each and every Settlement Class Member and their current and former officers, directors, employees, agents, affiliates, representatives, attorneys (including Class Counsel), advisors, family members, estates, successors, heirs, and assigns (collectively, the "**Releasors**") hereby now and forever fully, conclusively, irrevocably, and finally release, relinquish, remise, acquit, satisfy, discharge, and agree not to sue Settling Defendants, as well as all their agents, affiliates, predecessors, successors, assigns, spouses, family members, heirs, employees, legal representatives, attorneys, trustees, insurers, and related entities (including specifically ABG-Shaq, LLC and Authentic Brands Group, LLC) (collectively, the "**Released Parties**"), from or concerning any and all claims, causes of action (whether claims, counter-claims, cross-claims, third-party claims, or otherwise), contributions, indemnities, apportionments, duties, debts, sums, suits, omissions, covenants, contracts, controversies, agreements, promises, commitments, compensation, damages, expenses, fees, and costs whatsoever, in law or equity, whether arising under state (including Nevada), federal, foreign, common, or administrative law or otherwise,

whether direct, derivative, representative, or in any other capacity, whether **_known or unknown, accrued or unaccrued_**, contingent or absolute, asserted or unasserted, suspected or unsuspected, disclosed or undisclosed, hidden or concealed, matured or unmatured ("**Potential Claims**"), that concern or in any way relate to or arise out of the subject matter addressed in the Action and/or the Amended Complaint, including but not limited to all transactions relating to Astrals, Astrals NFTs, GLXY tokens, and/or the defense or settlement of the Action, the provision of notice in connection with the Settlement, and the resolution of any Claims submitted in connection with the Settlement (the "**Released Claims**"). Plaintiffs and Settlement Class represent and warrant, by signing or agreeing to this Settlement and this Settlement Agreement, that they have no surviving claim or cause of action against any of Settling Defendants or the other Released Parties with respect to any Released Claims.

b.    In connection with the foregoing Releases, Plaintiffs, the Settlement Class, and the other Releasors shall be deemed, as of the entry of the final Judgment, to have waived any and all provisions, rights benefits conferred by California Civil Code § 1542 and any statute, rule, or legal doctrine similar, comparable or equivalent to California Civil Code § 1542, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

    c.      To the extent that anyone might argue that California Civil Code § 1542 or any statute, rule, or legal doctrine similar, comparable or equivalent to California Civil Code § 1542 is applicable—notwithstanding that the Settling Parties have chosen Florida law to govern this Settlement Agreement—the Plaintiffs, Settlement Class and Class Counsel hereby agree, and each Settlement Class Member and other Releasor will be deemed to agree, that the provisions of all such principles of law or similar federal or state laws, rights, rules, or legal principles, to the extent they are found to be applicable herein, are hereby knowingly and voluntarily waived, relinquished, and released. Plaintiffs and Class Counsel recognize, and each Settlement Class Member and other Releasor will be deemed to recognize, that, even if they may later discover facts in addition to or different from those that they now know or believe to be true, they nevertheless agree that, upon entry of the final Judgment, they fully finally and forever settle and release any and all Released Claims. The Settling Parties acknowledge that the foregoing Releases were bargained for and are a material element of this Settlement Agreement.

## 18.  TERMINATION OF SETTLEMENT

    a.      If (*i*) this Settlement Agreement does not become final pursuant to the Final Approval Order or is otherwise terminated pursuant to its terms, (*ii*) the Releases do not become effective, (*iii*) the terms described in paragraph 1 of the confidential Supplemental Agreement are met and Settling Defendants choose to exercise their termination right under Section 15.g of the Settlement Agreement, or (*iv*) the Settlement does not become final by operation of law, then:

i.      This Settlement Agreement shall be null and void and shall have no force or effect, and no party to this Settlement Agreement shall be bound by any of its terms, except as set out in this Section 18;

ii.     This Settlement Agreement, all of its provisions, and all negotiations, statements, and proceedings relating to it shall be without prejudice to the rights of the Settling Parties, any other Settlement Class Members, and any other Released Parties, all of whom shall be restored to their respective positions existing immediately before the execution of this Settlement Agreement, except with respect to payment of any expenses (as provided in this Settlement Agreement) that have already been actually expended or incurred;

iii.    Released Parties expressly and affirmatively reserve all defenses, motions, and arguments as to all claims that have been or might later be asserted in the Action, including any argument that the Action may not be litigated as a class action;

iv.     Plaintiffs and all other Settlement Class Members expressly and affirmatively reserve all motions as to, and arguments in support of, all claims that have been or might later be asserted in the Action, including any arguments concerning class certification;

v.      Neither this Settlement Agreement nor the fact of its having been made shall be admissible or entered into evidence for any purpose whatsoever, with the exception of enforcement of this Section 18;

vi.     The Settling Parties shall continue to keep confidential any confidential information disclosed during mediation or settlement discussions, or in complying with the terms of this Settlement Agreement, unless the information in question has already been publicly disclosed;

vii.    All monies in the escrow account or otherwise held by the Claims Administrator shall be returned to Settling Defendants as set out in Section 12.a above;

viii.   Within fourteen (14) days after termination, Plaintiffs and Class Counsel must return any payment made by Settling Defendants pursuant to the Settlement Agreement, including but not limited to any payment for an approved Claim, for Class Counsel Fees and Costs, and Plaintiffs General Release Payments, made pursuant to Sections 13 and 16; and

ix.     Except as specifically provided herein, nothing in this Settlement Agreement shall create any obligation on the part of any Settling Party to pay any other Settling Party's fees or expenses.

19.  **CONFIDENTIALITY**

a.     The Settling Parties agree that the terms of this Settlement Agreement shall remain confidential and not to be disclosed by any party until the Settlement Agreement is filed as part of an application for preliminary approval; *provided, however,* that nothing in this Settlement Agreement shall prevent Settling Defendants from determining, in their sole discretion, to make whatever disclosures they believe might be required or appropriate, including

in governmental or regulatory filings or to regulators, attorneys, accountants, and insurers.

b.     The Settling Parties agree to keep confidential any confidential information disclosed either during mediation or settlement discussions prior to the execution of this Settlement Agreement, unless the information in question has already been publicly disclosed. Settling Defendants.

## 20.   NON-DISPARAGEMENT

The Settling Parties agree not to make any comments or remarks relating to the Action that might have an effect on the reputation of any other party to the Settlement, and the Settling Parties agree that this non-disparagement provision is a material inducement for the Settling Parties to enter into this Settlement. The Settling Parties intend this non-disparagement provision to prohibit, without limitation, statements asserting or suggesting that any Settling Party or other Released Party (a) engaged in any alleged misconduct, (b) accepted responsibility for any alleged misconduct, (c) filed claims, made arguments, or asserted defenses that lacked a reasonable basis under applicable pleading standards, or (d) said or did anything else that might be perceived as reflecting negatively on such person or entity.

## 21.   COOPERATION

The Settling Parties agree to cooperate in good faith with regard to the execution of any additional documents, and the performance of additional tasks, reasonably necessary or desirable to effectuate and implement the terms and conditions of this Settlement.

## 22.   GOVERNING LAW; VENUE; JURISDICTION:

a.     **GOVERNING LAW:** This Agreement shall be construed and enforced pursuant to the laws of the State of Florida, both substantive and procedural.

b.   **VENUE:** The Settling Parties hereby agree that the exclusive venue for any action arising under or in any way related to this Settlement Agreement shall be the United States District Court for the Southern District of Florida, and all Parties hereby expressly waive any objection or defense that such venue is an inconvenient or otherwise improper forum for any dispute arising under or in any way related to this Settlement Agreement.

c.   **JURISDICTION:** All Parties recognize that all disputes arising from or in any way related to this Settlement Agreement shall be subject to the continuing and exclusive jurisdiction of the Court, and all Parties hereby waive any and all objections to personal jurisdiction as they may relate to the enforcement of the terms of this Agreement in the Court.

## 23.   NOTICES

Any notice or demand required or permitted by any provision of this Agreement (other than the requirements of Sections 14 and 15 regarding objections and requests for exclusion) shall be deemed sufficient if it is delivered via e-mail as follows:

If to Plaintiffs:     Adam M. Moskowitz
Joseph M. Kaye
The Moskowitz Law Firm, PLLC
adam@moskowitz-law.com
joseph@moskowitz-law.com

If to O'Neal's Counsel:
Rachel O. Wolkinson
Stephen A. Best
Brown Rudnick LLP
rwolkinson@brownrudnick.com
sbest@brownrudnick.com

If to Astrals' Counsel:

> Christopher E. Knight
> Fowler White Burnett, P.A.
> cknight@fowler-white.com

## 24.  ADDITIONAL TERMS

a.  All exhibits attached to the Preliminary Approval Motion are incorporated by reference as though fully set forth herein.

b.  The Settling Parties agree that the amount paid and the other terms of the Settlement Agreement were negotiated at arm's length in good faith by the Settling Parties and reflect an agreement that was reached voluntarily, after consultation with legal counsel.

c.  Each Settling Party's counsel signing this Settlement Agreement represents that he or she is authorized to enter into this Settlement Agreement on behalf of his or her clients.

d.  Plaintiffs represent that they (*i*) have agreed to serve as representatives of the Settlement Class, (*ii*) have consulted with Lead Class Counsel about the Action, this Settlement Agreement, and the obligations of a representative of the Settlement Class, (*iii*) support the Settlement, (*iv*) will remain in and not request exclusion from the Settlement Class, and (*v*) will serve as representatives of the Settlement Class until the terms of this Settlement Agreement are effectuated, this Settlement Agreement is terminated in accordance with its terms, or the Court at any time determines that Plaintiffs (or any of them) cannot represent the Settlement Class.

e.  The Settlement Agreement and the Supplemental Agreement set forth the entire agreement among the Settling Parties as to their subject matter and may

not be altered or modified except by a written instrument executed by all Settling Parties' counsel. Plaintiffs and Settling Defendants expressly acknowledge that there are no agreements, arrangements, or understandings among or between them concerning the subject matter of the settlement of the Action other than those expressed or referred to in this Settlement Agreement and the Supplemental Agreement, and no Settling Party has relied on any representation or warranty not set forth expressly herein.

f.      All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Settlement Agreement or the Supplemental Agreement or by order of the Court, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in Court, a day on which weather conditions or other conditions have made the office of the Clerk of Court inaccessible, in which event the period shall run until the end of the next day that is not one of the aforementioned days.

g.      The Settling Parties agree that this Settlement Agreement and the Supplemental Agreement were drafted by counsel for the Settling Parties at arm's length and that no parol or other evidence may be offered to explain, construe, contradict, or clarify their terms, the intent of the Settling Parties or their counsel, or the circumstances under which the Settlement Agreement and/or the Supplemental Agreement were made or executed. Nor shall there

be any presumption for or against any Settling Party that drafted all or any portion of this Settlement Agreement or the Supplemental Agreement.

h.  No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members or to any of the Settling Parties is being given or will be given by the Settling Parties' counsel; nor is any representation or warranty in this regard made by virtue of this Settlement Agreement. Settlement Class Members will be directed to consult their own tax advisors regarding the tax consequences of the proposed Settlement and any tax reporting obligations they might have as to it. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

i.  This Settlement Agreement and the Supplemental Agreement may be signed in counterparts, each of which shall constitute a duplicate original. Execution by email in electronic form (including .pdf format) shall be fully and legally binding on a Settling Party.

j.  All Released Parties who are not Settling Parties are intended third-party beneficiaries who are entitled, as of the Effective Date, to enforce the terms of the Releases in this Settlement Agreement.

k.  This Agreement shall bind and inure to the benefit of the respective heirs, executors, administrators, successors, and permitted assigns of the Settling Parties.

**25.  WAIVER OF JURY TRIAL**

THE SETTLING PARTIES HEREBY KNOWINGLY, IRREVOCABLY, VOLUNTARILY, AND INTENTIONALLY WAIVE ANY RIGHT ANY OF THEM MIGHT HAVE TO A TRIAL BY JURY WITH RESPECT TO ANY ACTION, DEFENSE, COUNTERCLAIM, OR OTHER PROCEEDING ARISING UNDER OR IN ANY WAY RELATED TO THIS SETTLEMENT AGREEMENT, AND THE SETTLING PARTIES RECOGNIZE THAT THIS PROVISION IS A MATERIAL INDUCEMENT FOR THE SETTLING PARTIES TO ENTER INTO THIS SETTLEMENT AGREEMENT; *PROVIDED, HOWEVER,* THAT THIS WAIVER SHALL BECOME NULL AND VOID IF THE SETTLEMENT DOES NOT OBTAIN FINAL APPROVAL AND DOES NOT TAKE EFFECT.

**IN WITNESS WHEREOF**, the Settling Parties to this Settlement Agreement have caused this document to be executed.

**CLASS REPRESENTATIVES**

By: */s/ Adam Moskowitz*                             Dated: November 18, 2024
  **ADAM MOSKOWITZ** Counsel for Class
  Representatives and the Proposed Class


By: */s/  Daniel Harper*                             Dated: November 18, 2024
  **DANIEL HARPER**

By: */s/  Viraf Chapgar*                             Dated: November 18, 2024
  **VIRAF CHAPGAR**

By: */s/ Micky Scott*                                Dated: November 18, 2024
  **MICKY SCOTT**

By: */s/ Timo Walter*                                Dated: November 18, 2024
  **TIMO WALTER**

By: */s/ Daniel Koch*                                Dated: November 18, 2024
  **DANIEL KOCH**

By: */s/ Shaun Divecha*                              Dated: November 18, 2024
  **SHAUN DIVECHA**


**SETTLING DEFENDANTS**

By: */s/ Rachel O. Wolkinson*                        Dated: November 18, 2024
**RACHEL O. WOLKINSON**
Counsel for Shaquille O'Neal

By: */s/ Christopher E. Knight*                      Dated: November 18, 2024
**CHRISTOPHER E. KNIGHT**
Counsel for Astrals