UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 23-CV-21912-MORENO

DANIEL HARPER, *et al.*, on behalf
of themselves and all others similarly situated,

      Plaintiffs,
v.

SHAQUILLE O'NEAL, *et al.*,

      Defendants.
_____/

**ORDER PRELIMINARILY
APPROVING PROPOSED SETTLEMENT**

The Parties to the above-captioned action have agreed to settle the Action pursuant to the terms and conditions set forth in an executed Astrals Settlement Agreement. (D.E. 109-1) Under the Settlement, subject to the terms and conditions therein and subject to Court approval, Plaintiffs Daniel Harper, Daniel Koch, Micky Scott, Shaun Divecha, Timo Walter, and/or Viraf Sam Chapgar (collectively, Plaintiffs),[1] on behalf of themselves and the Settlement Class, will fully, finally, and forever resolve, discharge, and release all of their claims against Defendants Shaquille O'Neal, Astrals LLC, Astrals Holding, LLC, and Astrals Operations LLC ("Settling Defendants"), in exchange for a Settlement Cap fund of $11,000,000.00, inclusive of all Court-approved attorneys' fees and costs as detailed in the Astrals Settlement Agreement.

---

[1] Capitalized terms used herein have the same meanings as defined in the Astrals Settlement Agreement.

1

Based on the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. The Court conducted a hearing on January 7, 2025 attended in person by all counsel. Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, Provisional Certification of Proposed Settlement Class, and Approval of the Proposed Schedule (D.E. 109), filed on November 18, 2024 is **GRANTED**.

2. The Court determines that the proposed Settlement "do[es] not improperly grant preferential treatment to any individual or segment of the Settlement Class and fall[s] within the range of possible approval as fair, reasonable, and adequate." *Hodges v. GoodRx Holdings, Inc.*, No. 23-CV-24127, 2023 WL 7157929, at *2 (Judge Bloom, S.D. Fla. Oct. 31, 2023). Further, the Court is likely to grant final approval after considering the Rule 23(e) factors at the Final Approval Hearing. *See* Fed. R. Civ. P. 23(e)(1)(B); *Encarnacion v. J.W. Lee, Inc.*, No. CV 14-61927, 2015 WL 12550747, at *1 (S.D. Fla. June 30, 2015) (unpublished); *see also*, 4 Newberg on Class Actions § 11.26 (4th ed. 2010). The Court therefore preliminarily approves the proposed Settlement.

3. Solely for purposes of the proposed Settlement, the Court certifies the following Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3):

> All persons or entities (i) who, from May 24, 2022 to the date of this Order, purchased Astrals NFTs and/or (ii) who, before the date of this Order, purchased GLXY tokens.
>
> Excluded from the Settlement Class are (i) Settling Defendants and their officers, directors, affiliates, legal representatives, and employees, (ii) any governmental entities, any judge, justice, or judicial officer presiding over this matter, and the members of their immediate families and judicial staff, and (iii) any Person who would otherwise be a Settlement Class Member but who validly requested exclusion pursuant to the "Opt-Out" provisions of the Settlement Agreement.

4. For settlement purposes only and pursuant to the terms of the Settlement, the Court (a) hereby appoints the Plaintiffs to serve as Settlement Class representatives and Adam

Moskowitz of The Moskowitz Law Firm, PLLC, to serve as Lead Class Counsel pursuant to Fed. R. Civ. P. 23(c) and 23(g), (b) hereby appointments Strategic Claims Services as the Claims Administrator and Escrow Agent, in accordance with the terms of the Settlement Agreement.

5.  The Court approves the proposed Class Notice and notice plan, as described in the Astrals Settlement Agreement. The Notice plan satisfies the fairness standards set forth in Rule 23 and the PSLRA. As discussed at the January 7th hearing, the Notice plan is the best practicable under the circumstances. The notice is reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, the Settlement, and all of its terms. *See In re Checking Acct. Overdraft Litig.*, 275 F.R.D. 654, 662 (S.D. Fla. 2011). The Class Notice presents all required categories of information clearly and in plain English. *See Adams v. Southern Farm Bureau Life Ins. Co.*, 493 F.3d 1276, 1286 (11th Cir. 2007). The Class Notice complies with the notice requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, the PSLRA, and the U.S. Constitution and is therefore substantively sufficient.

6.  The Court approves the process and schedule for the filing of claims for Settlement relief, as set forth in the Settlement Agreement. The Parties are ordered to initiate the procedures set forth in the Astrals Settlement Agreement for purposes of effectuating, and carrying out all of the terms of the Settlement, including but not limited to, those provisions outlined in Paragraphs 7, 10, 12, and 14-21. (D.E. 109-1), including Paragraph 16(a), the provisions regarding Attorneys' Fees, Costs and Class Representatives General Release Payments. The Escrow Agent is directed to transfer the Cost and Fees Payment ($3,000,000) from the Escrow Account to Lead Class Counsel subject to Lead Class Counsel's obligation to return the money if the provisions of the Settlement Agreement so require.

7. The Final Approval Hearing shall take place before the United States District Judge Federico A. Moreno, at the United States Courthouse, Wilkie D. Ferguson, Jr. Building, Courtroom 12-2, 400 North Miami Avenue, Miami, Florida 33128 on **Tuesday, April 1, 2025 at 9:30 AM**.

8. Any objections to the proposed Settlement, requests for exclusion from the Settlement, and notices of appearance must be filed in accordance with the procedures and deadlines specified in the Settlement Agreement Only those Class Members who submit written objections by the prescribed deadline may appear at the Final Approval Hearing.

9. Pending final determination of whether the proposed Settlement should be approved, the Court orders as follows:

   a. Plaintiffs and all other Settlement Class Members (and their attorneys, accountants, agents, heirs, executors, administrators, trustees, predecessors, successors, affiliates, representatives, and assigns) who have not validly and timely requested exclusion from the Settlement Class – and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of such persons or entities – are preliminarily enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefit or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint or intervention in the Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order in any jurisdiction or forum, as to the Released Parties based on or relating to the Released Claims; and

   b. All persons and entities are preliminarily enjoined from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action

4

in any jurisdiction) or other proceeding on behalf of any Settlement Class Members as to the Released Parties, if such other lawsuit is based on or related to the Released Claims.

10. The Court sets the following schedule for the Final Approval Hearing and the actions which must take place before and after it:

| Event | Date |
|---|---|
| Deadline for disseminating Class Notice | January 17, 2025 |
| Deadline for filing of Motion for Final Approval and Class Counsel's Application for Expenses, and General Release Payments | February 18, 2025 |
| Deadline for receipt of opt-out requests and for filing and receipt of objections and notices of appearance | March 3, 2025 |
| Deadline for Claims Administrator to file list of opt-outs | March 21, 2025 |
| Deadline for filing of replies in support of settlement and responses to objections | March 25, 2025 |
| **Final Approval Hearing** | **April 1, 2025 at 9:30 AM** |
| Last day to submit a Claim Form | April 17, 2025 |

11. If the Settlement is not approved by the Court, or for any reason the Settling Parties fail to obtain a Final Approval Order and Final Judgment as contemplated in the Settlement, or if the Settlement is terminated pursuant to its terms for any reason, or the Settlement does not take effect in accordance with the Effective Date as stipulated in the Settlement Agreement, then:

    a. All orders and filings entered in connection with the Settlement shall become null and void and have no further force or effect, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any other proceeding;

      b.    All of the Parties' respective pre-Settlement claims and defenses will be preserved, including Plaintiffs' right to seek class certification and any Settling Defendant's right to oppose class certification; and

      c.    The Settling Parties shall continue to keep confidential any confidential information disclosed during mediation or settlement discussions or in complying with the terms of the Settlement Agreement, unless the information in question has already been publicly disclosed.

12.    The Court stays this Action, except for proceedings relating to the Settlement, until the Court issues a decision on final approval of the Settlement or the Settlement is terminated pursuant to the Settlement Agreement.

**DONE AND ORDERED** in Chambers at Miami, Florida this _14_ day of _January_ 2025.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record