UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 23-CV-21912-MORENO

DANIEL HARPER, *et al.*, on behalf of
themselves and all others similarly situated,

                Plaintiffs,

v.

SHAQUILLE O'NEAL, *et al.*,

                Defendants.

## ORDER APPROVING
## CLASS-ACTION SETTLEMENT

Plaintiffs Daniel Harper, Daniel Koch, Shaun Divecha, Viraf Sam Chapgar, Mickey Scott, and Timo Walter ("Plaintiffs"), on behalf of themselves and the Settlement Class (as defined below), and Defendants Shaquille O'Neal, Astrals LLC, Astrals Holding, LLC, and Astrals Operations LLC have entered into a Settlement Agreement to settle the claims asserted in this Action.

Plaintiffs and Settling Defendants have applied to the Court pursuant to Fed. R. Civ. P. 23(e) and the Private Securities Litigation Reform Act of 1995 for an Order granting final approval of the proposed settlement in accordance with the Settlement Agreement, which sets forth the terms and conditions of the proposed settlement.

The Court held a Final Approval Hearing on Tuesday, April 1, 2025, to determine, among other things, (*i*) whether the terms and conditions of the proposed Settlement are fair, reasonable,

1

and adequate and should therefore be approved; (*ii*) whether the Settlement Class should be finally certified for settlement purposes; (*iii*) whether notice to the Settlement Class was implemented pursuant to the Preliminary Approval Order and constituted due and adequate notice to potential Settlement Class Members in accordance with the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, the United States Constitution, the Rules of the Court, and any other applicable law; (*iv*) whether to approve the proposed Plan of Allocation; (*v*) whether to enter an order and judgment dismissing the Action on the merits and with prejudice as to Settling Defendants and against all Settlement Class Members, and releasing all the Released Claims as provided in the Settlement Agreement; (*vi*) whether to enter the requested permanent injunction and bar order as provided in the Settlement Agreement; (*vii*) whether and in what amount to grant an award of Class Counsel Fees and Costs to Lead Class Counsel; and (*viii*) whether and in what amount to grant an award of Plaintiffs General Release Payments to Plaintiffs.

The Court received submissions and heard argument at the Final Approval Hearing.

NOW, THEREFORE, based on the written submissions received before the Final Approval Hearing, the arguments at the Final Approval Hearing, and the other materials of record in this Action, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. **<u>Incorporation of Settlement Documents</u>.** This Order incorporates and makes a part hereof the Settlement Agreement dated as of November 18, 2024, including its defined terms. To the extent capitalized terms are not defined in this Order, this Court adopts and incorporates the definitions set out in the Settlement Agreement.

2. **<u>Jurisdiction</u>.** The Court has jurisdiction over the subject matter of the Action, the Plaintiffs, and all other Settlement Class Members (as defined below) and has jurisdiction to enter this Order and the Judgment.

3. **Final Class Certification**. The Court grants certification of the Settlement Class solely for purposes of the Settlement pursuant to Fed. R. Civ. P. 23(b)(3).

4. The Settlement Class is defined to consist of: All persons or entities (i) who, from May 24, 2022 to the date of preliminary approval, purchased Astrals NFTs and/or (ii) who, before the date of preliminary approval, purchased GLXY Tokens. Excluded from the Settlement Class are:

   a. The Settling Defendants and their officers, directors, affiliates, legal representatives, and employees;

   b. Any governmental entities, any judge, justice, or judicial officer presiding over this matter, and the members of their immediate families and judicial staff; and

   c. Any person or entity who would otherwise be a Settlement Class Member but who validly requested exclusion pursuant to the "Opt-Out" provision of the Settlement Agreement.

5. This certification of the Settlement Class is made for the sole purpose of consummating the Settlement of the Action in accordance with the Settlement Agreement. If the Court's approval of the settlement does not become Final for any reason whatsoever, or if it is modified in any material respect deemed unacceptable by a Settling Party, this class certification shall be deemed void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or used for any purpose whatsoever, including in any later attempt by or on behalf of Plaintiffs or anyone else to seek class certification in this or any other matter.

6. For purposes of the settlement of the Action, and only for those purposes, the Court finds that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), and any other applicable laws (including the Private Securities Litigation Reform Act of 1995), have been satisfied, in that:

      a.      The Settlement Class is ascertainable from business records and/or from objective criteria;

      b.      The Settlement Class is so numerous that joinder of all members would be impractical;

      c.      There are questions of fact and law common to the Settlement Class;

      d.      Plaintiffs' claims are typical of those of the other members of the Settlement Class they seek to represent;

      e.      Plaintiffs have been and are capable of fairly and adequately protecting the interests of the members of the Settlement Class, in that (*i*) Plaintiffs' interests have been and are consistent with those of the other Settlement Class Members, (*ii*) Lead Class Counsel has been and is able and qualified to represent the Settlement Class, and (*iii*) Plaintiffs and Lead Class Counsel have fairly and adequately represented the Settlement Class Members in prosecuting this Action and in negotiating and entering into the proposed Settlement;

      f.      Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and

      g.      A class action is superior to all other available methods for the fair and efficient resolution of this Action, considering: (*i*) the questions of law and fact pled in the Complaint, (*ii*) the Settlement Class Members' interest in the fairness, reasonableness, and adequacy of the proposed Settlement, (*iii*) the Settlement Class Members' interests in individually controlling the prosecution of separate actions, (*iv*) the impracticability or inefficiency of prosecuting separate actions, (*v*) the extent and nature of any litigation concerning these claims already commenced, and (*vi*) the desirability of concentrating the litigation of the claims in a particular forum.

7. **Final Certification of Plaintiffs and Appointment of Lead Class Counsel for Settlement Purposes.** Solely for purposes of the proposed Settlement, the Court hereby confirms its (*i*) certification of Plaintiffs as representative of the Settlement Class and (*ii*) appointment of The Moskowitz Law Firm, PLLC, as Lead Class Counsel for the Settlement Class pursuant to Fed. R. Civ. P. 23(g).

8. **Notice.** In accordance with the Court's Preliminary Approval Order, the Court finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons and entities entitled to such notice. No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Stipulation of Settlement, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered both (*i*) to the Settlement Class Members to object to the proposed Settlement (including the Plan of Allocation, the application for Class Counsel Fees and Costs, and the application for Plaintiffs General Release Payments) and to participate in the hearing thereon and (*ii*) to potential Settlement Class Members to exclude themselves from the Settlement. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all Settlement Class Members are bound by this Order and Final Judgment except those persons listed on Exhibit A to this Order and Final Judgment.

9. **Final Settlement Approval.** The Court finds that the proposed Settlement resulted from serious, informed, non-collusive negotiations conducted at arm's length by the Settling Parties and their experienced counsel and was entered into in good faith. The terms of the Settlement Agreement do not have any material deficiencies, do not improperly grant preferential treatment to any individual Settlement Class Member, and treat Settlement Class Members equitably relative to each other. Accordingly, the proposed Settlement as set forth in the Settlement Agreement is hereby fully and finally approved as fair, reasonable, and adequate, consistent and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, and the Rules of the Court, and in the best interests of the Settlement Class Members.

10. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Amount among eligible Settlement Class Members.

11. In making these findings and in concluding that the relief provided to the Settlement Class is fair, reasonable, and adequate, the Court considered, among other factors, (*i*) the complexity, expense, and likely duration of the litigation if it were to continue, including the costs, risks, and delay from a potential, trial; (*ii*) the reaction of the potential Settlement Class Members to the proposed Settlement, including the number of exclusion requests and the number of objections; (*iii*) the stage of the proceedings and the amount of materials available to Lead Class Counsel; (*iv*) Plaintiffs' risks of establishing liability and damages, including the nature of the claims asserted and the strength of Plaintiffs' claims and Settling Defendants' defenses as to liability and damages; (*v*) Plaintiffs' risks of obtaining certification of a litigation class and of maintaining certification through trial; (*vi*) the ability of Settling Defendants to withstand a greater

judgment; (*vii*) the range of reasonableness of the Settlement amount in light of the best possible recovery; (*viii*) the range of reasonableness of the Settlement amount to a possible recovery in light of all the attendant risks of litigation; (*ix*) the availability of opt-out rights for potential Settlement Class Members who do not wish to participate in the Settlement; (*x*) the effectiveness of the procedures for processing Settlement Class Members' claims for relief from the Settlement fund and distributing such relief to eligible Settlement Class Members; (*xi*) the terms of the proposed award of attorneys' fees, including the timing of the payment; (*xii*) the treatment of Settlement Class Members relative to each other; (*xiii*) the experience and views of the Settling Parties' counsel; and (*xiv*) the submissions and arguments made by the Settling Parties and any others throughout the proceedings, including at and in connection with the Final Approval Hearing.

12. The Settling Parties are directed to implement and consummate the Settlement Agreement in accordance with its terms and provisions. The Court approves the documents submitted to the Court in connection with the implementation of the Settlement Agreement.

13. **Releases.** Pursuant to this Approval Order and the Judgment, without further action by anyone, and subject to paragraph 14 below, on and after the Final Settlement Date, Plaintiffs and all other Settlement Class Members (whether or not a Claim has been submitted by or on behalf of any such Settlement Class Member), on behalf of themselves and all other Releasors, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of this Order and the Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged all Released Claims against each and every one of the Released Parties.

14. Notwithstanding paragraph 13 above, nothing in this Order or in the Judgment shall bar any action or Claim by the Settling Parties or their counsel to enforce the terms of the Settlement Agreement, this Order, or the Judgment.

15. **Permanent Injunction**. The Court orders as follows:

   a. Plaintiffs and all other Settlement Class Members (and their attorneys, accountants, agents, heirs, executors, administrators, trustees, predecessors, successors, Affiliates, representatives, and assigns) who have not validly and timely requested exclusion from the Settlement Class – and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of such persons or entities – are permanently enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefit or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint in intervention in the Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, as to the Released Parties based on or relating to the Released Claims;

   b. All persons and entities are permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) or other proceeding on behalf of any Settlement Class Members as to the Released Parties, if such other lawsuit is based on or related to the Released Claims.

16. Notwithstanding paragraph 15 above, nothing in this Order or in the Judgment shall bar any action or Claim by the Settling Parties or their counsel to enforce the terms of the Settlement Agreement, this Order, or the Judgment.

8

17.     **Contribution Bar Order.** To the extent authorized by the Securities Act of 1933, and in accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all Claims for contribution arising out of any Released Claims (*i*) by any person or entity against any of the Released Parties and (*ii*) by any of the Released Parties against any person or entity other than as set out in 15 U.S.C. § 78u-4(f)(7)(A) (ii) are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable. Accordingly, without limitation to any of the above, (*i*) any person or entity is hereby permanently enjoined from commencing, prosecuting, or asserting against any of the Released Parties any such Claim for contribution, and (*ii*) the Released Parties are hereby permanently enjoined from commencing, prosecuting, or asserting against any person or entity any such Claim for contribution. In accordance with 15 U.S.C. § 78u-4(f)(7)(B), any final verdict or judgment that might be obtained by or on behalf of the Settlement Class or a Settlement Class Member against any person or entity for loss for which such person or entity and any Released Parties are found to be jointly liable shall be reduced by the greater of (*i*) an amount that corresponds to the Settling Defendant's or Settling Defendants' percentage of responsibility for the loss to the Settlement Class or Settlement Class Member or (*ii*) the amount paid by or on behalf of Settling Defendants to the Settlement Class or Settlement Class Member for common damages, unless the court entering such judgment orders otherwise.

18.     **Complete Bar Order.** To effectuate the Settlement, the Court hereby enters the following Complete Bar:

  a.    Any and all persons and entities are permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Claim against any Released Party arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including Claims for breach of

contract or for misrepresentation, where the Claim is or arises from a Released Claim and the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Settlement Class or any Settlement Class Member, including any Claim in which a person or entity seeks to recover from any of the Released Parties (*i*) any amounts that such person or entity has or might become liable to pay to the Settlement Class or any Settlement Class Member and/or (*ii*) any costs, expenses, or attorneys' fees from defending any Claim by the Settlement Class or any Settlement Class Member. All such Claims are hereby extinguished, discharged, satisfied, and unenforceable, subject to a hearing to be held by the Court, if necessary. The provisions of this subparagraph are intended to preclude any liability of any of the Released Parties to any person or entity for indemnification, contribution, or otherwise on any Claim that is or arises from a Released Claim and where the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Settlement Class or any Settlement Class Member; *provided, however,* that, if the Settlement Class or any Settlement Class Member obtains any judgment against any such person or entity based upon, arising out of, or relating to any Released Claim for which such person or entity and any of the Released Parties are found to be jointly liable, that person or entity shall be entitled to a judgment credit equal to an amount that is the greater of (*i*) an amount that corresponds to such Released Party's or Released Parties' percentage of responsibility for the loss to the Settlement Class or Settlement Class Member or (*ii*) the amount paid by or on behalf of Settling Defendants to the Settlement Class or Settlement Class Member for common damages, unless the court entering such judgment orders otherwise.

    b. Each and every Released Party is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Claim against any other person or entity (including any other Released Party) arising under any federal, state, or foreign statutory or

common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including Claims for breach of contract and for misrepresentation, where the Claim is or arises from a Released Claim and the alleged injury to such Released Party arises from that Released Party's alleged liability to the Settlement Class or any Settlement Class Member, including any Claim in which any Released Party seeks to recover from any person or entity (including another Released Party) (*i*) any amounts that any such Released Party has or might become liable to pay to the Settlement Class or any Settlement Class Member and/or (*ii*) any costs, expenses, or attorneys' fees from defending any Claim by the Settlement Class or any Settlement Class Member. All such Claims are hereby extinguished, discharged, satisfied, and unenforceable.

        c.      Notwithstanding anything stated in the Complete Bar Order, if any person or entity (for purposes of this subparagraph, a "petitioner") commences against any of the Released Parties any action either (*i*) asserting a Claim that is or arises from a Released Claim and where the alleged injury to such petitioner arises from that petitioner's alleged liability to the Settlement Class or any Settlement Class Member or (*ii*) seeking contribution or indemnity for any liability or expenses incurred in connection with any such Claim, and if such action or Claim is not barred by a court pursuant to this paragraph 18 or is otherwise not barred by the Complete Bar Order, neither the Complete Bar Order nor the Settlement Agreement shall bar Claims by that Released Party against (*i*) such petitioner, (*ii*) any person or entity who is or was controlled by, controlling, or under common control with the petitioner, whose assets or estate are or were controlled, represented, or administered by the petitioner, or as to whose Claims the petitioner has succeeded, and (*iii*) any person or entity that participated with any of the preceding persons or entities described in items (*i*) and/or (*ii*) of this subparagraph in connection with the assertion of the Claim brought against the Released Party or Released Parties.

d.  If any term of the Complete Bar Order entered by the Court is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all of the Released Parties the fullest protection permitted by law from any Claim that is based upon, arises out of, or relates to any Released Claim.

e.  Nothing in the Complete Bar Order shall (*i*) expand the release provided by Settlement Class Members and other Releasors to the Released Parties under paragraph 13 above or (*ii*) bar any persons who are excluded from the Settlement Class by definition or by request from asserting any Released Claim against any Released Party.  Notwithstanding the Complete Bar Order or anything else in the Settlement Agreement, (*i*) nothing shall prevent the Settling Parties from taking such steps as are necessary to enforce the terms of the Settlement Agreement, and (*ii*) nothing shall release, interfere with, limit, or bar the assertion by any Released Party of any Claim for insurance coverage under any insurance, reinsurance, or indemnity policy that provides coverage respecting the conduct and Claims at issue in the Action.

19.  **No Admissions.**  This Order and the Judgment, the Settlement Agreement, the offer of the Settlement Agreement, and compliance with the Judgment and the Settlement Agreement shall not constitute or be construed as an admission by any of the Released Parties of any wrongdoing or liability, or by any of the Releasors of any infirmity in Plaintiffs' Claims.  This Order, the Judgment, and the Settlement Agreement are to be construed solely as a reflection of the Settling Parties' desire to facilitate a resolution of the Claims in the Complaint and of the Released Claims.  In no event shall this Order, the Judgment, the Settlement Agreement, any of their provisions, or any negotiations, statements, or court proceedings relating to their provisions in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Action, any other action, or any judicial, administrative, regulatory, or other proceeding,

except a proceeding to enforce the Settlement Agreement. Without limiting the foregoing, this Order, the Judgment, the Settlement Agreement, and any related negotiations, statements, or court proceedings shall not be construed as, offered as, received as, used as, or deemed to be evidence or an admission or concession (*i*) of any kind against the Settling Parties or the other Released Parties and Releasors in the Action, any other action, or any judicial, administrative, regulatory, or other proceeding or (*ii*) of any liability or wrongdoing whatsoever on the part of any person or entity, including Settling Defendants, or as a waiver by Settling Defendants of any applicable defense, or (*iii*) by Plaintiffs or the Settlement Class of the infirmities of any claims, causes of action, or remedies.

20. Notwithstanding anything in paragraph 19 above, this Order, the Judgment, and/or the Settlement Agreement may be filed in any action against or by any Released Party to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, injunction, full faith and credit, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

21. **Attorneys' Fees and Expenses.** Lead Class Counsel is hereby awarded Class Counsel Fees and Costs in the amount of $2,910,000. That amount shall be paid pursuant to the terms set out in Section __ of the Settlement Agreement. The Court finds that the Class Counsel Fees and Costs Award is fair, reasonable, and appropriate.

22. In making this award of attorneys' fees and reimbursement of expenses, the Court has considered and found that: (a) the Settlement has created a fund of up to $11,000,000 and that numerous Settlement Class Members who submit acceptable claims will benefit from the Settlement; (b) the fee sought by Lead Class Counsel has been reviewed and approved as fair and reasonable by Plaintiffs; (c) the Class Notice stated that Lead Class Counsel would apply for

13

attorneys' fees and expenses in an amount not to exceed $ 2,910,000 ; (d) Lead Class Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy; (e) the Action raised complex issues; (f) the Action presented significant risks to establishing liability and damages; and (g) the amount of attorneys' fees and expenses is fair and reasonable and consistent with awards in similar cases.

23.   **Plaintiffs General Release Payment.** The Court finds that the requested Plaintiffs General Release Payment of $15,000 to each of the Plaintiffs is reasonable in the circumstances. This amount shall be paid pursuant to the terms set out in Section 16 of the Settlement Agreement.

24.   **Modification of Settlement Agreement.** Without further approval from the Court, the Settling Parties are hereby authorized to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement (including its exhibits) that (*i*) are not materially inconsistent with this Order and the Judgment and (*ii*) do not materially limit the rights of Settlement Class Members under the Settlement Agreement.

25.   **Dismissal of Action.** The Action, including all Claims that have been asserted, is hereby dismissed on the merits and with prejudice, without fees or costs to any Settling Party except as otherwise provided in the Settlement Agreement.

26.   **Retention of Jurisdiction.** Without in any way affecting the finality of this Order and the Judgment, the Court expressly retains continuing and exclusive jurisdiction over the Settlement and all Settling Parties, the Settlement Class Members, and anyone else who appeared before this Court for all matters relating to the Action, including the administration, consummation, interpretation, implementation, or enforcement of the Settlement Agreement or of this Order and the Judgment, and for any other reasonably necessary purposes, including:

  a. enforcing the terms and conditions of the Settlement Agreement, this Order, and the Judgment (including the Complete Bar Order and the permanent injunction);

  b. resolving any disputes, claims, or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, this Order, or the Judgment (including whether a person or entity is or is not a Settlement Class Member and whether Claims or causes of action allegedly related to the Released Claims are or are not barred by this Order and the Judgment or the Release);

  c. entering such additional orders as may be necessary or appropriate to protect or effectuate this Order and the Judgment, including whether to impose a bond on any parties who appeal from this Order or the Judgment; and

  d. entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction.

27. **Rule 11 Findings.** The Court finds that all complaints filed in the Action were filed on a good-faith basis in accordance with the Private Securities Litigation Reform Act of 1995 and with Rule 11 of the Federal Rules of Civil Procedure. The Court finds that all Settling Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

28. **Termination.** If the Settlement does not become Final in accordance with the terms of the Settlement Agreement, or is terminated pursuant to the Settlement Agreement, this Order and the Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement; *provided, however,* that paragraph 55.c of the Preliminary Approval Order (concerning confidentiality provisions) shall remain in effect even if this Order and the Judgment are rendered null and void.

29. **Entry of Judgment.** There is no just reason to delay the entry of this Order and the Judgment, and immediate entry by the Clerk of Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Any appeal from this Order or other proceeding seeking subsequent judicial review of this Order pertaining solely to (*i*) the Class Counsel Fees and Costs awarded to Lead Class Counsel or the Plaintiffs General Release Payments awarded to Plaintiffs and/or (*ii*) the Plan of Allocation shall not in any way delay or preclude this Order from becoming Final under the terms of the Settlement Agreement.

SO ORDERED this 1st day of April, 2025.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE